[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried at Hamden on October 5, 1982. There are no children issue of the marriage. The marriage has broken down irretrievably with no hope of reconciliation.
The plaintiff testified that in July 1992 the defendant said he wanted a divorce and that he walked out on her on August 1, CT Page 6625 1992.
The defendant testified that the breakdown was caused by cultural differences between them, by a lack of communication, by language problems and understanding of each other, by the plaintiff becoming agitated when they tried to discuss problems. He said it was difficult to say when the marriage began to be in trouble, but that in the last few years before the separation they had difficulty communicating.
The court finds that the plaintiff was the main cause of the breakdown. The court also finds that the defendant's relationship with Rosemarie Lucia had nothing to do with the breakdown. The marriage was over when the defendant met her.
The marriage is dissolved.
The plaintiff is awarded alimony in the amount of $75. a week for 5 years.
It is apparent that the marital home will be foreclosed. The plaintiff will have to find another place to live. However she will still be liable on the note by which she borrowed the $60,000 to buy the cleaning business, known as Blue Jay Cleaners, which she operates. The court understands that she still owes $34,485 on the note which had been secured by a second mortgage on the marital home.
The Blue Jay Cleaners business shall continue to belong to the plaintiff.
The court understands that the fees of her attorney have been paid by the plaintiff.
The Ford Escort car shall belong to the plaintiff and the defendant shall sign any papers necessary to confirm title to the car in the plaintiff.
The plaintiff's personal property in the marital home shall belong to her. The John Stobart print "The Charles W. Morgan at Chub's Wharf" shall belong to the defendant and he may recover it and other personal property belonging to him from the marital home.
THOMAS J. O'SULLIVAN, TRIAL REFEREE CT Page 6626